STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of John and          }
Sharon O' Rear, et al.             }
                                   }   Docket No. 2-1-00 Vtec
                                   }
                                   }

Decision and Order on Motion for Reconsideration and on Scope of Remand

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Calais regarding the application of Appellees Stanley and Janice Morse and Black Rock Coal, Inc. for a conditional use permit. A number of other individuals and the Selectboard of the Town of Calais entered their appearance as interested parties but have not been active participants. Appellants are represented by Gerald R. Tarrant, Esq.; Appellee-Applicant[1] Black Rock Coal, Inc. is represented by George E. Rice, Esq.

Appellee-Applicant' s remaining application is for conditional use approval to extract stone from ten acres of a 45-acre parcel of property to be purchased from Stanley and Janice Morse. The property is located in the Rural Residential zoning district, and lies behind and to the east of the lots fronting on the County Road. Appellee-Applicant had initially proposed that the access to the County Road from the working site of the project be made over a right-of-way and through an existing curb cut located on the land of Sandra Guerette (" the Guerette driveway" ), but during the ZBA proceedings proposed instead to establish a new curb cut somewhat southerly of the existing one, still on the Guerette property (the new Guerette curb cut). However, the Selectboard denied Appellee-Applicant' s application for an access permit for the new Guerette curb cut.

Appellee-Applicant also now proposes two alternative access roads from the project property to the County Road: one over the Guerette driveway as originally proposed, and one over a right-of-way and the driveway curb cut of the next property to the south, owned by Mr. and Mrs. Edward Simmons (" the Simmons driveway" ). The Court ruled in late April that both of these proposed access points required a permit from the Selectboard, which was a prerequisite to the new proposals' being considered complete.

The Court also ruled that the Simmons driveway had to be remanded to the ZBA for its consideration, as the Simmons driveway had not been considered by the ZBA when it originally considered the project, but that the Guerette driveway had been in the original application and therefore was before the Court in this de novo appeal. The parties have requested a remand order to the ZBA to guide it in considering the Simmons driveway. In addition, Appellants request that the Court reconsider its ruling that the easement grantors for these access drives are not required to be co-applicants for the zoning permit.

Scope of Remand

The change of the project's access route from the working site to the County Road does not reopen the entire application. Only those aspects of the conditional use standards applicable to the project that are affected by the change in access route may be considered in the proceedings on remand. However, the scope of its consideration is for the ZBA to determine in the first instance, just as if it had had the Simmons driveway before it in the original application. The completeness of the proposed new access plans is also for the ZBA to consider in the first instance. If the plans lack any information which the ZBA needs in order to be able to rule on the application, the ZBA has the authority to find the application incomplete and to require that additional information.

In the Court's April 24 decision that the Simmons driveway had to be remanded to the ZBA, the Court noted that it expected the ZBA to consider " at least the effect of that access location on conditional use standard 3: traffic on roads and highways in the vicinity." On remand, the ZBA should consider whether the Simmons driveway access to the County Road changes or affects its conclusions or the conditions it determined to impose, under any of the conditional use standards. That is, if an aspect of the project or a condition imposed on the project would be the same regardless of the route that vehicles take from the working site to the County Road, it should not be reconsidered by the ZBA in this remanded proceeding. If an aspect of the project or a condition imposed on the project could be affected by the change in the route that vehicles take from the working site to the County Road, it may be reconsidered by the ZBA in this remanded proceeding.

Motion for Reconsideration

Appellants request that the Court reconsider its ruling that the easement grantors for these access drives are not required to be co-applicants for the zoning permit[2]. The April order stated that: " it is sufficient under the zoning laws that Appellee-Applicant holds the easement interest to the access drives, just as the buyer of a property under contract may hold a sufficient interest to be the sole applicant. It may be necessary, however, for Appellee-Applicant to show the extent or scope of the access easement, by presenting into evidence the deed for the access easement."

The Court has reviewed the Zoning Regulations and the April 24, 2001 decision. Appellants' request for reconsideration of this issue is denied. Appellants are correct that the permit applied for must cover the change in use of the land underlying the access easement (from its current residential driveway use to its use as an access road to serve the rock extraction project), as well as the rock extraction project itself. However, unlike the rules applicable to Act 250 permit applications, nothing in state zoning law (24 V.S.A. § 4443) or the Calais Zoning Regulations[3] requires that the owner of the underlying land be an applicant for a zoning permit, as long as the actual applicant holds an interest in the land (such as an easement, in the present case, or a life estate, or a leasehold interest) sufficient to qualify it to apply. Similarly, a person renting a house may operate a home occupation in the house; it is the lessee who operates the home occupation who must apply for the permit, not the owner of the house.

Therefore, in the present case, if Appellee-Applicant has been deeded the respective easements, the landowners need not be co-applicants. If Appellee-Applicant does not yet have a property interest in the access road, however, the landowners must apply.

Done at Barre, Vermont, this 15th day of May, 2001.


_____
Merideth Wright
Environmental Judge


## Footnotes

1.    This term is used in the singular to refer to Black Rock Coal, Inc.

2.    Appellants also request a similar ruling regarding the curb cut permit applications. The landowners may have to be, and may in fact already be, co-applicants for the 19 V.S.A. §1111 curb cut permit, but this Court has no jurisdiction to make that determination prospectively. As we have already determined, this Court may only examine the 19 V.S.A. §1111 curb cut permit as a prerequisite to the completeness of the zoning application.

3.    In fact, §II(7)(D)(1) of the Zoning Regulations requires the "applicant" to submit the names and addresses of "the owners of record of the property for which the permit is sought," which would not be necessary if the landowners always had to be applicants.